# Martin Buerk, et al. v. Christian Buerk's Administrator, et al.

(Decided February 22, 1927.)

## Appeal from Kenton Circuit Court.

1. Witnesses—Widow's Testimony that Her Son Lent Money, Evidenced by Checks Payable to Her, to Decedent, Held Incompetent.—Widow's testimony, in support of her son's claim against his deceased stepfather's estate, that he lent money, evidenced by checks payable to widow, to decedent at latter's request and that decedent promised to repay him, held incompetent as testimony for herself as to transaction with decedent.

2. Executors and Administrators—Evidence Held to Show that Claimant Lent money, Evidenced by Checks and Notes, to Widow, Not Decedent.—Evidence held to show that decedent's stepson lent to his mother money evidenced by checks payable to and notes signed by her, and that decedent's estate was not answerable therefor.

WEILAND, STROTHER & WEILAND for appellants.

ED. W. PFLUEGER and CHAS. A. J. WALKER for appellees.

Opinion of the Court by Commissioner Hobson— Reversing.

Christian Buerk died intestate a resident of Kenton county, on May 13, 1925, leaving surviving him his widow, who was his second wife, and two sons by his first wife. He owned at his death a house and lot in Covington, Kentucky, worth about $4,000.00. This suit was brought to settle his estate.

Charles S. Dold, his stepson, presented a claim against the estate. The claim for $977.87 was allowed by the commissioner. The exceptions to the report were overruled and the claim was allowed by the court. The defendants appeal.

For many years his two sons had lived in another state. The second wife had three children by her first marriage, and these children were members of the family after her marriage to Christian Buerk until they married and went to housekeeping. Charles Dold, to sustain his claim, produced a check dated July 31, 1922, to the city of Covington for $151.37, and certain tax receipts paid thereby, and to this extent his claim is allowed. He also produced a check dated November 2, 1922, for $50.00, payable to Mrs. C. Buerk; also a check dated November 6, 1922, payable to Mrs. C. Buerk, for $700.00; also a check dated January 29, 1923, payable to Mrs. C. Buerk, for $228.00. All these checks were endorsed "Mrs. C. Buerk." He also produced a note dated November 22, 1923, due one year after date, promising to pay him $500.00, signed "Minnie Buerk," and also a note dated April 25, 1925, due one year after date, promising to pay him $300.00, signed "Minnie Buerk." He introduced his mother, Minnie Buerk, his brother, Henry Dold, and his sister, Edna Dold Donnelly, and proved by them, in substance, that Christian Buerk wanted to borrow the money and that he lent him the money, evidenced by the checks, at his request; that Christian Buerk promised to repay him and that the money was paid to his mother for convenience.

The testimony of Minnie Buerk is incompetent, for she plainly testifies for herself as to a transaction with the decedent. By the checks, as well as by the notes, she was personally liable to Charles Dold, and she could not testify for herself to place this liability upon her husband's estate and so escape her personal liability.

Edna Dold Donnelly testifies that the notes were executed at the time the checks were given. But this testimony is in conflict with the writings, which show that the notes were given over a year after the checks were given. No adequate reason is given why Christian Buerk did not give his note for this money if he borrowed it. The testimony of the two witnesses is in conflict with the terms of the writings. The writings show that the money was paid to Minnie Buerk and that Minnie Buerk agreed to repay it. These writings being, on their face, the obligations of Minnie Buerk, cannot on the evidence produced be held to constitute an indebtedness of Christian Buerk. The notes were not given for something over a year after the checks were given. They were payable one year after date, without interest: they are the obligations of Minnie Buerk. If the evidence now offered is true Minnie Buerk owed nothing and should not have given any notes. If any notes were given they should have borne interest from the time the money was furnished.

On all the facts the court concludes that Charles Dold really lent this money to his mother, and that the father's estate is not answerable for it.

Judgment reversed and cause remanded for a judgment as above indicated.